# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NIKKI LEE,**
        Appellant,

    v.                                Case No. 13-CV-00126

**LELAND G. CHRISTENSON, II,**
        Appellee.

## DECISION AND ORDER

Pro se appellant Nikki Lee appeals from a bankruptcy court order denying his motion to vacate the judgment in an adversary proceeding related to his Chapter 7 bankruptcy.

In his Chapter 7 petition, Lee listed appellee Leland Christenson as a potential creditor because Christenson had filed a lawsuit against Lee in state court claiming that Lee had acquired money from Christenson by fraud. Christenson filed an adversary proceeding asking the bankruptcy court to enter a money judgment on his fraud claim and determine that Lee's liability for the debt was nondischargeable under 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) states that a debt is nondischargeable if it is a debt "for money, property, [or] services" that were obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." The bankruptcy court held a trial, found that Lee had defrauded Christenson, and entered a judgment stating that Lee owed Christenson $44,500 and that Lee's liability for the debt was nondischargeable.

Lee appealed the judgment. I affirmed the bankruptcy court's finding as to the amount of the debt and its nondischargeability but vacated the portion of the judgment that denied Christenson's requests for prejudgment interest and punitive damages. On remand, the bankruptcy judge found an error in her calculations that lowered the amount owed to $42,000. She awarded prejudgment interest, denied punitive damages and, on April 23, 2010, entered a modified judgment for $44,289.84. On November 13, 2012, Lee moved to vacate the judgment under Fed. R. Civ. P. 60(b)(4). The bankruptcy court denied the motion and Lee appeals from that order.

Ordinarily, a party like Lee who had a fair chance to challenge a judgment before its entry is precluded from challenging its enforceability. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152–54 (2009) ("'It is just as important that there should be a place to end as that there should be a place to begin litigation.'") (quoting *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938)). However, Rule 60(b)(4) provides a narrow exception to this rule. It allows a court to grant a party relief from a judgment if it is "void." *See also* Fed. R. Bankr. P. 9024 (applying Fed. R. Civ. P. 60 to bankruptcy proceedings). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise Rule 60(b)(4)'s exception to finality would swallow the rule." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). Lee is only entitled to relief from the judgment if it is clear that the bankruptcy court lacked authority to enter it. This means there must be no arguable basis for the court's assertion of authority. *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1018 (7th Cir. 2002) (a judgment is only subject to attack where

"the voidness is unarguable"); *see also U.S. Aid Funds*, 559 U.S. at 271 (a motion to vacate based on a jurisdictional defect can succeed only if "the court that rendered judgment lacked even an 'arguable basis' for jurisdiction") (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)). The error committed by the court must be "egregious," *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992), and "involve a clear usurpation of judicial power." *U.S. v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000).

The limits on relief under Rule 60(b)(4) apply even where the claimed limitation on the court's authority is not waivable. For example, want of subject-matter jurisdiction is not waivable "until the loser has exhausted his appellate remedies, after which courts will not treat the judgment as void unless the jurisdictional error is egregious." *Edwards*, 962 F.2d at 644; *see also Tittjung*, 235 F.3d at 335 ("[I]n unexceptional circumstances, a party that has had an opportunity to litigate the question of subject matter jurisdiction may not reopen that question in a collateral attack following an adverse judgment."). The denial of a motion under Rule 60(b) is usually reviewed for abuse of discretion. *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 854–55 (7th Cir. 2011). But review of the denial of a motion under Rule 60(b)(4) is plenary because it is a per se abuse of discretion for a court to refuse to vacate an unarguably void judgment. *Id.*

Lee asserts that the judgment is void because the bankruptcy court lacked statutory and constitutional authority to liquidate Christenson's claim and enter judgment on it. He concedes that the bankruptcy court was authorized to determine the dischargeability of his debt to Christenson under the Bankruptcy Code but maintains that a state court needed

3

to enter judgment on Christenson's claim because it is based on state law. He did not raise these arguments prior to the entry of final judgment.

Lee's argument regarding statutory authority is easily dismissed. He argues that the bankruptcy court lacked authority to enter final judgment on Christenson's claim because a creditor's request for entry of a money judgment is not a core proceeding under 28 U.S.C. § 157. A "core proceeding" is a civil proceeding that arises under title 11 or arises in a case under title 11. 28 U.S.C. § 157(b)(1). Lee waived his argument under § 157 by failing to raise it during the adversary proceeding or in this court on appeal. *See Wellness Int'l Network, Ltd. v. Sharif*, — F.3d —, 2013 WL 4441926, at *8 (7th Cir. Aug. 21, 2013) ("[I]t is clear that a party can waive an argument concerning the core/noncore status of a claim under § 157.").

Lee's second argument is that the bankruptcy court lacked constitutional authority to enter judgment on Christenson's claim. As support for this argument, he relies on *Stern v. Marshall*, 131 S. Ct. 2594 (2011), which was decided after the conclusion of the adversary proceeding. The question in *Stern* was whether a bankruptcy court had the authority under Article III, § 1, to enter final judgment on a debtor's state law counterclaim that was not resolved in the process of ruling on a creditor's proof of claim. Article III, § 1, of the Constitution requires "[t]he judicial power of the United States" to be vested in Article III courts. The Supreme Court has interpreted this language as prohibiting an Article I bankruptcy judge from ruling on "'any matter, which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty,'" unless it involves a "public right." *Id.* at 2612 (quoting *Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. 272, 284 (1856)).

A "public right" is a claim that can be pursued only by the grace of the executive and legislative branches or that has historically been determined exclusively by those branches. *Id.* at 2614–15. In other words, the claim must "flow from a federal statutory scheme" or be "'completely dependent upon' adjudication of a claim created by federal law." *Id.* (quoting *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 856 (1986)); *see also id.* at 2613 ("[W]hat makes a right 'public' rather than private is that the right is integrally related to particular federal government action.").

In *Stern*, the Court concluded that the bankruptcy court lacked constitutional authority to hear the debtor's counterclaim because the claim did not involve a public right. *Id.* at 2615. Instead, the case involved "the most prototypical exercise of judicial power: the entry of a final, binding judgment *by a court* with broad substantive jurisdiction, on a common law cause of action, when the action neither derives from nor depends upon any agency regulatory regime." *Id.* The Court held that "Congress may not bypass Article III simply because a proceeding may have *some* bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Id.* at 2618.

Lee argues that the bankruptcy court lacked constitutional authority to grant Christenson's request for a money judgment because the request did not involve the exercise of a public right. He admits that a bankruptcy court might have the authority to enter a money judgment in a case where there are assets to distribute to creditors but points out that this was a no-asset case.[1] Thus, he argues that the entry of the money

---

[1] The bankruptcy proceedings were reopened in April 2012 because Lee's creditors claim he hid assets from the bankruptcy court. Nonetheless, at the time the bankruptcy

5

judgment had no impact on the bankruptcy proceedings. The fact that Lee failed to raise this argument prior to the entry of judgment is not dispositive because an objection to a bankruptcy court's entry of final judgment in a core proceeding under Article III, § 1, is not waivable. *See Wellness Int'l Network*, 2013 WL 4441926, at *17–18. Therefore, I must decide whether the bankruptcy court committed an egregious error when it entered judgment on Christenson's fraud claim such that the judgment should be vacated under Rule 60(b)(4).

Prior to *Stern*, the Seventh Circuit held that it was appropriate for a bankruptcy court to enter judgment on a creditor's state law claim when determining the dischargeability of a debt, *see In re Hallahan*, 936 F.2d 1496, 1507–08 (7th Cir. 1991) ("We think it preferable to allow bankruptcy courts ruling on the discharge of debt to adjudicate the issues of liability and damages also."), and *Stern* did not clearly overrule this precedent. Its holding was a "narrow one" that only addressed a bankruptcy court's authority to rule on certain counterclaims. *Id.* at 2620. It did not consider whether a bankruptcy court has the authority to review a creditor's claim for a money judgment in a dischargeability proceeding—a claim which is more closely related to a bankruptcy proceeding than the counterclaim was in *Stern*. *See In re Boricich*, 464 B.R. 335 (Bankr. N.D. Ill. 2011) (finding that a bankruptcy court can liquidate a state law claim in a dischargeability proceeding). *But see In re Wood*, 2013 WL 4478902 (Bankr. W.D. Wis. Aug. 19, 2013) (reaching the opposite conclusion). *See also In re Deitz*, 469 B.R. 11, 26 (9th Cir. BAP 2012) (Markell, J. concurring) (discussing the questions raised by *Stern* in cases like this one). Thus, I conclude that

---

judge entered judgment in the adversary proceeding, there were no assets to distribute.

6

there was an arguable basis for the bankruptcy court's assertion of authority over Christenson's claim. Even if the bankruptcy court committed an error, it was not so egregious that it justifies vacating the judgment.

**THEREFORE, IT IS ORDERED** that the order of the bankruptcy court is **AFFIRMED**.

Dated at Milwaukee, Wisconsin, this 1st day of October, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge